UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RENALD STANCLE, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 10146 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| TROY MAYES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

The Clerk is directed to amend the case caption to reflect that Plaintiff's name is Renald Stancle—the name on the IDOC's website—not Ranald Stancle. Based on the evidence presented at the *Pavey* hearing [81], and for the reasons set forth below, the court finds as a factual matter that Plaintiff did not submit a grievance, and therefore holds as a legal matter that he did not exhaust his administrative remedies. Accordingly, this case is dismissed without prejudice. Enter judgment order. The court expresses its gratitude to recruited counsel Chris Duane Rouskey of Rouskey & Baldacci for his representation of Plaintiff and service to the court. The 10/4/2016 status hearing [86] is stricken. Civil case closed.

### STATEMENT

Defendants sought a *Pavey* hearing to determine whether Plaintiff Renald Stancle exhausted his administrative remedies. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If Stancle submitted a grievance regarding Defendants' alleged misconduct but the prison lost or otherwise failed to process it, then the prison's administrative remedies were made unavailable, and Stancle may proceed with this case. *See Turley v. Rednour*, 729 F.3d 645, 650 n.3 (7th Cir. 2013) (citing cases); *Dole v. Chandler*, 438 F.3d 804, 809, 811 (7th Cir. 2006). If, by contrast, Stancle did not submit a grievance, then he failed to exhaust his administrative remedies and the case must be dismissed for failure to exhaust. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Stancle's account of the facts is as follows. He suffered an unprovoked attack by a prison guard on October 23, 2013. He then prepared a grievance, personally handed it to his counselor, Kimberly Duvall, and asked her to submit it to the Warden. After hearing nothing for several months, Stancle asked Duvall in February 2014 about the grievance. Duvall said that she did not deliver the grievance to the Warden, that instead she delivered it to Internal Affairs, that Internal Affairs held it for more than 90 days and then lost it, and that it was then too late for Stancle to re-submit it.

Defendants' account of the facts is different. The prison has no record of Stancle submitting a grievance regarding the alleged October 23, 2013 incident. And Duvall denies both

1

that Stancle handed her a grievance in October 2013 and that Stancle asked her about it in February 2014.

The court conducted a *Pavey* hearing. Stancle, Duvall, and a grievance officer testified—the grievance officer, who had no direct knowledge of the underlying events, testified only that the prison had no record of the grievance—and four exhibits were admitted. Having carefully considered the testimonial and documentary evidence, the court finds that Defendants demonstrated that Stancle did not submit a grievance regarding the incident in question, and therefore that he did not exhaust his administrative remedies.

The court credits the grievance officer's testimony that the prison has no record of the grievance, but that fact does not win the day for Defendants because the officer's testimony is not inconsistent with the possibility that Stancle handed the grievance to Duvall and the prison failed to properly record or handle it. As for that issue, the court finds Duvall's testimony credible and Stancle's testimony not credible.

Duvall came across as honest and conscientious. As a counselor, she took detailed notes of her interactions with her assigned prisoners, and the document recording her notes regarding Stancle (Exhibit C) does not mention anything about a grievance, either in October 2013 or February 2014. But even putting aside her notes, having seen her on the stand, the court simply believed Duvall's testimony that Stancle did not hand her a grievance in October 2013 (or at any other time) regarding the alleged attack, that Stancle did not discuss the grievance with her in February 2014 (or at any other time), and particularly that she did not tell Stancle that Internal Affairs lost the grievance and it was too late to re-submit one. Duvall testified credibly that she regularly processed grievances submitted by her assigned prisoners, and there is no apparent reason why she would have disfavored or mishandled Stancle's grievance in any way.

Stancle did not come across on the stand as inherently dishonest. However, the court finds his account not credible for the following reasons. *First*, there are inconsistencies as to timing. In his complaint, in which he certified by his signature that the facts alleged were true to the best of his knowledge, information, and belief, Stancle stated that he handed Duvall the grievance on October 23, 2013. Doc. 9 at 4, 8. The grievance itself is dated October 23, 2013 (Exhibit B). At the *Pavey* hearing, however, Stancle testified that he prepared the grievance on October 24, 2013, and handed it to Duvall at some point before the end of October. This timing discrepancy, while pertinent, is not sufficient by itself to undermine Stancle's testimony, but there is more. *Second*, Stancle testified that he saw Duvall regularly during rounds in the months following the incident—Duvall's notes indicate that she saw him on November 20, 2013, December 4, 2013, December 23, 2013, January 7, 2014, and January 29, 2014, *see* Exhibit C at 3—and yet he did not raise the grievance with her until February 2014. Stancle did not come across as a shrinking violet, and given the significance to him of the alleged October 23, 2013 incident, if he had truly handed Duvall a grievance about the incident in late October 2013, it is highly unlikely that he would not have raised the issue with her until February 2014. (To be clear, the court is not holding that Stancle failed to properly exhaust because he did not follow up with Duvall after hearing nothing about his grievance; rather, the court is finding that Stancle's failure to follow up for weeks and months strongly suggests that he did not submit a grievance to Duvall in the first place.) *Third*, based on its observation of her testimony, its evaluation of her approach to her job, and its review of her notes, the court does not believe that Duvall would

have told Stancle that his grievance had been lost by Internal Affairs and that it was then too late for him to re-submit it. The fact that Stancle testified that Duvall had told him this undermines his credibility. Given these considerations, the court does not credit Stancle's version of the relevant events.

Because Stancle did not submit a grievance, he did not exhaust his administrative remedies, and because he did not exhaust, his case must be dismissed. *See Macon v. Mahone*, 590 F. App'x 609, 611-12 (7th Cir. 2014); *Pavey v. Conley*, 663 F.3d 899, 904-06 (7th Cir. 2011). The dismissal is without prejudice. *See Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

September 27, 2016

United States District Judge

3